In the United States District Court
For the Southern District of West Virginia
At Charleston

Aaron K. Simmons,
    Plaintiff

vs.    Civil Action No. 2:14-27352



Preece Martin, CO I & John Doe
individually and in their official capacities
    Defendant.

## I. Jurisdiction

1. This is a civil action Authorized by U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, the court has jurisdiction under 28 U.S.C Section 1331 and (a)(3). Plaintiff seeks declartory relief pursuit to 28 U.S.C. 2201 and 2201.

2. This court has supplemental Jurisdiction over the plaintiff's State Law tort claims under 28 U.S.C. § 1367

## II. Venue

3. The District of Southern West Virginia is an appropriate

2

Venue under 28 U.S.C § 1391(b)(2) because a substantial part of the events or ommissions giving rise to the claims occurred in this district.

### III. Plaintiffs

4. Plaintiff Auron K. Simmons was at all times relevant to this action a prisoner incarcerated at the Mount Olive State Penitentiary which is located in the District of Southern West Virginia.

### IV. Defendants

5. Defendant Preece Martin was at all times relevant to this action Correctional officer at MOCC who was working in Quilliums handling inmates from time to time

6. The defendant is being sued in their individual and in his official capacity, except to the extent the defendants can not be held liable for monetary damages in their official capacities but only to the extent in relation to official capacity. At any and all times each defendant mentioned in this complaint acted sadistically, maliciously, unnecessaryly wantonly, unlawfully, intentionaly, excessively, callously, unjustifiably and/or with deliberate indifference.

7. Each Defendant mentioned in this complaint, At any and all times, actions violated the Plaintiff's 8th amendment rights guaranteed by the United States Constitution and Rights guaranteed by W.VA. const. ART. III, §5.

8. Each defendant mentioned was the cause of this complaint and the allegations by direct actions of their own. All the defendants are located at: Mount Olive Correctional complex, one Mountainside Way, Mt. Olive, WV 25815.

## V. Facts.

10. On or about October 17, 2012 the Plaintiff arrived at Mount olive Correctional complex (mocc) and was placed on Ad-seg (Administrative segregation) and forced to do the Quality of life Program (Q.O.L).

11. On or about May 25, 2014 the Plaintiff was placed in a single man shower and the shower was then pad locked to keep Plaintiff for getting out, while officers searched plaintiff's cell.

12. During the cell search officer Martin Removed a cord from plaintiff's cell.

13. While Plaintiff was speaking to officer Jason Rhodes about the said cord, officer Preece Martin started to cuss at Plaintiff over the conversation officer Rhodes and plaintiff was having about giving said cord back cause it went to

and electric Razor.

14. Officer Martin then pulled an O.C. canister out to use on Plaintiff and officer Rhodes tryed to stop officer Martin from using the O.C. by grabbing officer Martin's hand and saying don't spray but officer Rhodes was pushed into the shower cage door and then completely out of the way by officer Martin.

15. Officer Martin not only sprayed the Plaintiff with O.C. but sprayed officer Rhodes as well.

16. Officer Martin stuck his arm through the hole in the shower cage door and continued to spray the Plaintiff. For maxium and effectiveness officer Martin shook the O.C. canister a few times and keep spraying.

17. Officer Martin made sure the O.C. was all over the Plaintiff. The Plaintiff was sprayed in places, such as but not limited to his: chest, genitils, back, bottox, shoulders, faces and legs.

18. Thereafter, Plaintiff was taken to the multipurpose Room to be decontaminated.

19. Plaintiff asked officer Rhodes, while being Recorded, if the Plaintiff had did anything to which officer Rhodes replied no by shaking his head.

20. The Plaintiff asked officer Rhodes if their was a need force the use of force in this situation and officer Rhodes Replied no by shaking his head.

21. Thereafter, the Plaintiff was taken back to his segregation cell. The Plaintiff had chemical burns from the O.C.

22. Plaintiff was not allowed another shower for around 40 hours at which time remained from the O.C.

23. Plaintiff recieved a shower around May 27, 2014. During said shower the O.C. reactivated in the shower and caused pain and suffering again.

24. On June 12, 2014 the Plaintiff was served with violation reports for threats and creating a disturbance. However, the two violation reports where eventually dismissed.

25. On June 18, 2014 an investigator spoke with the Plaintiff or Preece Martin misconduct.

26. The Plaintiff believes officer Martin was suspended for his misconduct.

27. At no point and time did Plaintiff threaten officer's Martin and Rhodes and did not refuse to come out of the shower nor resit or act aggressively toward the two officer's.

28. Officer Martin did not use temper the situation nor take steps to do so

29. Officer Martin action violates DOC Policy Directives 312.02 (Less-lethal use of force) and 313.02 (calculated use of force).

30. The Plaintiff never resisted the defendant Martin nor did the Plaintiff act in a aggressive manner towards officer Martin, as defined or undefined by DOC policy 312.02 (see 312.02 V(0))

31. Officer Martin used no efforts to temper nor follow the general guidelines, for use of force, as stated in the use of force model (see DOC Policy 312.02 Att. #1).

32. The Plaintiff belives that defendant Martin never clearly articulated in a written Report the level of resistance faced, the level of control used, and that was effected in the lawful performance of duty, as Required by DOC Policy 312.02 (see policy 312.02 V(F)(2).

33. The incident or use of force was captured on video because of pod cameras.

34. Due to the chemical agents being used on the Plaintiff and sprayed in his cell, the plaintiff has experienced, Humiliation, suffering, pain, physical injury and emotional

distress such as but not limited to: Chemical burns on his genitals, back, face, chest & butt. Start getting scared around CO's to even ask them a qustin & CO's make fun of me cause of being sprayed right in ear shot of other inmates aking them laugh & make smart remarks about my genitals. My eye's was blury for a few days 'n was burning, itching.

35. Inmates Thomas Russell and Donald Bassett witnessed the incident. (See Exhibit A and Exhibit B)(Attached).

### VI. Exhaustion of legal Remedies

36. Plaintiff exhausted his administrive Remedies as required by prison policy but was denied relief.

### VII. legal Claims

37. Plaintiff allege and incorporate by Reference para. 1-35

38. Defendant martin [struck through] used excessive force against Plaintiff Simmons by spraying the Plaintiff with oleoresin capsicum and When the Plaintiff was not acting in a aggressive manner towards an inmate, or staff nor resisting staff's control and/or posing a significant threat to staff or an inmate. Defendant martin did not follow policy. Defendant martin actions violated Plaintiff Simmons [struck through] rights under the Eighth Amendment to the United States constitution and Art. III, section 5 of the W.VA. constitution and

caused Plaintiff Simmons physical injury, pain, suffering and emotional distress

39. The actions of Defendant Martin using O.C. against the Plaintiff without no need or provocation and/or excessively, unlawfully and intentionally constituted the tort of assault and battery under the laws of West Virginia

40. Plaintiff Simmons has no plain, adequate or complete remedy at Law to redress the wrongs described herein

## VIII. Prayer for Relief

41. Granting Plaintiff Simmons a declaration that the Acts and ommissions described herein violated his Rights under the constitution and laws of the United States and WV

42. Granting Plaintiff Simmons compensatory damages in the amount of $500,000.00 against each defendant Jointly and Severally for excessive use of force and anything related thereto

43. Granting Plaintiff Simmons punitive damages in the amount of $500,600.00 against each defendant Jointly and severally for excessive for assault and battery and anything related thereto

44. Granting Plaintiff Simmons compensatory damages in the

amount of $250,000.00 against each defendant jointly and severally for assault and battery and anything related thereto

45. Granting plaintiff Simmons punitive damages in the amount of $250,000.00 against each defendant jointly and severally for assault and battery and anything related thereto

46. Plaintiff also seeks a jury trial on all issues triable by Jury and

47. Plaintiff also seek recovery of their costs in this suit and/or lawyer fees, and

48. Any additional relief this court deems Just, proper and equitable

Dated: 10-6-2014 , 2014

Respectfully Submitted
Aaron K. Simmons
MOCC
one mountainside way
Mt. Olive, WV 25185

### Verification

I have read the following and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those

, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct

Executed At now
/s/ Aaron Simmons
Aaron K. Simmons.