IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

AARON K. SIMMONS,

        Plaintiff,

v.                                               Case No. 2:14-cv-27352

PREECE MARTIN, CO I,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual

allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **RELEVANT PROCEDURAL HISTORY**

On October 29, 2014, the plaintiff filed a Complaint (ECF No. 2) under 42 U.S.C. § 1983 alleging that a use of pepper spray against him at the Mount Olive Correctional Complex on May 25, 2014 by Correctional Officer I Preece Martin violated his rights under the Eighth Amendment to the United States Constitution, Article III, § 5 of the West Virginia Constitution, and also constituted assault and battery under state law. The plaintiff seeks declaratory relief and monetary damages from the defendant in his individual and official capacities.

The court's initial attempt to serve process on defendant Martin at the Mount Olive Correctional Complex was unsuccessful. Thus, on March 13, 2018, the undersigned ordered the plaintiff to provide an address where Martin might be served within 20 days. As of this date, the plaintiff has failed to provide any information concerning an address for service of process on defendant Martin.

## ANALYSIS

### A. The Complaint should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

Although the court is charged with assisting the *pro se* pauper plaintiff with service of process under 28 U.S.C. § 1915(d), the court is not required to be an advocate for him. A prior attempt of service of process on defendant Martin at MOCC was unsuccessful and the plaintiff has not provided any other alternative address where service may be attempted on him, as ordered by the court.

The court has no responsibility to continue to search for the location of this defendant in order to try to perfect service of process for the *pro se* pauper plaintiff. As noted by another Honorable Judge of this court:

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.); *see also Lacy v. DeLong*, No. 2:13-cv-14813, 2017 WL 6508364 *2 (Dec. 20, 2017) ("The Court is not required to continue its efforts at the behest of Plaintiff who is unable to provide the Court with any information allowing for service to be had upon [the defendant]").

When the plaintiff's Complaint was filed on October 29, 2014, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or <u>on its own initiative after notice to the plaintiff</u>, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).[1] Because more than 120 days has passed without appropriate service on the defendant, notwithstanding attempted service on him by officers of the court at his last known address, the undersigned proposes that the presiding District Judge **FIND** that defendant Martin has not been properly served and, thus, the Complaint is subject to dismissal under Rule 4(m).

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

---

[1] Effective December 1, 2015, the period for service under Rule 4(m) was reduced to 90 days. However, because the plaintiff's Complaint was filed prior to this amendment, the 120-day period was the applicable in this case.

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 3, 2018

Dwane L. Tinsley
United States Magistrate Judge