IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON K. SIMMONS,

        Plaintiff,

v.                                                         CIVIL ACTION NO. 2:14-cv-27352

PREECE MARTIN et al.,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff's Complaint. By Standing Order entered on October 29, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").[1] (ECF No. 5.) Magistrate Judge Tinsley filed his PF&R on April 3, 2018, recommending that this Court dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 4(m) for failure to properly serve Defendant. (ECF No. 16.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

---

[1] Also pending before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 19.) Plaintiff was previously advised that he has no constitutional right to counsel in this civil action. (*See* ECF No. 15.) Appointment of counsel in civil cases is solely within the discretion of the court and denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)). Here, there are no exceptional circumstances that would warrant appointment of counsel for Plaintiff. *See id.* at 163 ("If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.") Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**. (ECF No. 19.)

to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on April 20, 2018.  (ECF No. 16.)  To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of de novo review.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 16) and **DISMISSES** this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:　　April 24, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE