IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON K. SIMMONS,

        Plaintiff,

v.                                                 CIVIL ACTION NO. 2:14-cv-27352

PREECE MARTIN et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Objections to the Proposed Findings and Recommendations ("PF&R").[1] (ECF No. 24.) For the reasons discussed herein, the Court **OVERRULES** Plaintiff's Objections.

### I.    BACKGROUND

On October 29, 2014, Plaintiff Aaron K. Simmons ("Simmons"), filed the present action against Defendant Correctional Officer I Preece Martin ("Martin") under 42 U.S.C. § 1983. (*See* ECF No. 2.) Specifically, Simmons alleges that Martin used pepper spray on him while Simmons was housed at the Mount Olive Correctional Complex ("MOCC") on May 25, 2014. (*See id.* at ¶¶ 14–15.)

---

[1] Also pending before the Court are Plaintiff's motion to "extend time for his case," (ECF No. 23), and motion for subpoena duces tecum and leave for discovery. (ECF No. 25.) As this memorandum opinion and order overrules Plaintiff's Objections and, thus, the previous dismissal of Plaintiff's Complaint remains in effect, these motions are **DENIED AS MOOT**. (ECF Nos. 23, 25.)

1

By Standing Order entered on October 29, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of a PF&R. On April 29, 2015, the Court attempted to serve process on Martin at the MOCC, but this attempt was unsuccessful. (ECF No. 11.) Therefore, on March 13, 2018, Magistrate Judge Tinsley ordered Simmons to provide, within 20 days, information regarding an address where service may be attempted on Martin. (ECF No. 15 at 2–3.) However, Simmons did not provide any such information and Martin was never served.

On April 3, 2018, Magistrate Judge Tinsley filed his PF&R recommending that this Court dismiss Simmons' Complaint pursuant to Federal Rule of Civil Procedure 4(m) for failure to properly serve Martin. (ECF No. 16.) Objections to the PF&R were due on April 20, 2018. (ECF No. 16.) However, Simmons did not file any objections within this objection period. Thus, on April 25, 2018, the Court entered an opinion adopting the PF&R and dismissing Simmons' Complaint. (ECF No. 22.) Simmons subsequently filed the present Objections on April 30, 2018. (ECF No. 24.)

## II. LEGAL STANDARD

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not

2

direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.    DISCUSSION

Simmons filed the present Objections ten days after the objection period ended. (*See* ECF No. 24.) In his motion to extend time, Simmons states that he did not receive the PF&R because it was sent to the wrong correctional center. (ECF No. 23 at 1.) Simmons further states that was in segregation and thus had limited access to any legal materials. (*Id.*) Therefore, although Simmons' Objections were filed outside of the objection period, the Court will still consider them.

In his objections, Simmons first argues that Magistrate Judge Tinsley erroneously stated that the Complaint did not contain enough facts to state a plausible claim for relief. (*See* ECF No. 24 at 1.) However, nowhere in the PF&R does Magistrate Judge Tinsley state that the Complaint failed to state a plausible claim for relief. In the Standard of Review section of the PF&R, Magistrate Judge Tinsley simply iterates the pleading standard for pro se complaints. (*See* ECF No. 16 at 1–2.) Magistrate Judge Tinsley's recommendation for dismissal of the Complaint is based entirely on the lack of service on Martin. As the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations," the Court **OVERRULES**, without de novo review, this objection. *See Orpiano*, 687 F.2d at 47.

Simmons second argues that he is not required to prove a serious injury to establish excessive force. (*See* ECF No. 24 at 2.) However, nowhere in the PF&R does Magistrate Judge Tinsley address excessive force. Therefore, as with the first objection, this objection is equally irrelevant to the reasoning contained in the PF&R. As such, the Court **OVERRULES**, without

3

de novo review, this objection as it does not relate to any finding in the PF&R. *See Orpiano*, 687 F.2d at 47.

Simmons lastly objects to Magistrate Judge Tinsley's dismissal of his Complaint for lack of service. Specifically, Simmons asserts that he is a prisoner who is not able to obtain the home address of Martin, a correctional officer, and it is unclear whether the United States Marshal Service is obligated to try to locate and serve a defendant whose address a pro se pauper plaintiff cannot provide. (*See* ECF No. 24 at 2.) Simmons further states that he has written to the Commissioner of the West Virginia Division of Corrections in order to obtain Martin's address but was not successful. (*Id.*)

Rule 4(m) of the Federal Rules of Civil Procedure stated as follows at the time Simmons filed his complaint:

> Time Limit for Service—If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, as stated above, the Court attempted to serve Martin on April 29, 2015, but that service was unsuccessful. (ECF No. 10.) Magistrate Judge Tinsley subsequently directed Simmons to provide information regarding Martin's address so that service could be perfected within the time period specified in Rule 4(m). (ECF No. 15 at 2–3.) However, Simmons did not provide this information, and, to this day, service has not been perfected on Martin. As Simmons filed his Complaint on October 29, 2014, it is clear that Martin has not been served within the 120 days required by Rule 4(m).

4

Although under 28 U.S.C. § 1915(d) a court is required to assist pro se pauper plaintiff with service of process, Magistrate Judge Tinsley correctly stated that the plaintiff bears the burden of identifying an address where service can properly be made. *See Lacy v. Delong*, 2017 WL 6508364, at *2 (S.D. W. Va. Dec. 20, 2017) (quoting *Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, at *3 (S.D. W. Va. Jan. 21, 2015)). Simmons has not provided any such identifying address here. The Court does note, and is sympathetic to, Simmons' attempts to ascertain an address for Martin. However, those attempts have been unsuccessful and, the Court is not required to continue its efforts to serve Martin at the behest of a plaintiff who cannot provide the Court with any information allowing for service upon a defendant. *See Lacy*, 2017 WL 6508364, at *2. Accordingly, the Court **OVERRULES** this objection.

### IV. CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Simmons' Objections, (ECF No. 24), and **ORDERS** that this civil action remain closed.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 31, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE